UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNA HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-00368-TWP-MJD |
| ) | |
| JONES HARVEST PUBLISHING, LLC, ) | |
| and BRIEN JONES, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss. Plaintiff did not file a response. This matter is now ripe for adjudication. Plaintiff, Donna Hamilton ("Ms. Hamilton"), sued Defendants, Jones Harvest Publishing, LLC ("Jones Harvest") and Brien Jones ("Mr. Jones") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 207, *et seq*. Specifically, Ms. Hamilton asserts that she "worked in excess of forty (40) hours per week [and]…was not fully compensated for all work she performed because she was not paid overtime at the rate prescribed by the FLSA." (Dkt. 1 at 2). On November 29, 2011, the Court issued an order to show cause as to why Defendant, Jones Harvest's Answer and motion to dismiss should not be stricken because the documents were not filed, as required, by an attorney admitted to practice in this Court (Dkt. 18 at 1-2); *see United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) ("[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity."). Jones Harvest failed to respond to the show cause order. On February 28, 2012, the Court struck the Answer and this motion to the extent

that either document purported to have been filed on behalf of Jones Harvest.[1]  (*See* Dkt. 22.) Accordingly, the Court will treat this *pro se* motion as being filed on behalf of the individual defendant, Mr. Jones.  Because Mr. Jones's motion to dismiss does not address the legal sufficiency of Ms. Hamilton's complaint, it is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

As alleged in the complaint, Ms. Hamilton was hired by Jones Harvest in July 2009 to fill a data entry position and was paid $8.50 per hour.  Shortly thereafter, she was promoted to a salesperson position and given a pay raise to $10.00 per hour, including commissions. In August 2010, Ms. Hamilton was promoted to the position of office manager, which paid her $12.00 per hour, plus commissions and a percentage of the total company's sales.  During the course of her employment, Ms. Hamilton alleges she regularly worked in excess of forty hours per week, but was not given overtime compensation despite Mr. Jones's knowledge of her work schedule.[2]  On March 15, 2011, Ms. Hamilton filed a complaint against Defendants in this Court alleging Defendants withheld overtime compensation from her in violation of the FLSA.

## II. DISCUSSION

"To survive motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  Furthermore, when ruling on a defendant's motion to dismiss, "[t]he court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor."  *Flournay v. Dominguez*, 2010 WL 1652965, at *1 (N.D. Ind. Apr. 22, 2010) (citing *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)).  Finally, a motion to dismiss under Federal Rule of Civil Procedure

---

[1] Subsequently, an entry of default was entered against Jones Harvest by the Clerk of the Court.  (Dkt. 25.)

[2] In the complaint, Jones is alleged to be an officer of Jones Harvest.  (*See* Dkt. 1 at 2).

12(b)(6) will only succeed if a plaintiff fails to establish a "plausible" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Mr. Jones, *pro se*, moves the Court to dismiss Ms. Hamilton's complaint for the following reasons:

1. Due to the economy Jones Harvest Publishing, a *limited liability company*, has closed. There has been no income since August 2011. Jones Harvest Publishing had no assets.
2. The Plaintiff resigned without notice in December 2010 stating "The work environment at Jones Harvest has been a very hostel (sic) for some time," but making no claims for fompensation.

Giving Ms. Hamilton the benefit of the inferences to which she is entitled at the pleading stage in this matter, she has plausibly alleged that Mr. Jones withheld overtime compensation from her in violation of the FLSA. While a document filed *pro se* is to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), in this case, the Court finds that even under a liberal standard, Mr. Jones's *pro se* motion to dismiss does not come close to challenging the legal sufficiency of Ms. Hamilton's complaint. Accordingly, Mr. Jones's motion to dismiss is denied. *See Raleigh Offset, Inc. v. McNamara*, 2012 WL 2565066, at *2 (E.D.N.C. July 2, 2012) (denying defendant's *pro se* motion to dismiss when it insufficiently challenged the legal sufficiency of plaintiff's complaint).

### III. CONCLUSION

For the reasons set forth above, Mr. Jones's motion to dismiss (Dkt. 15) is **DENIED**.

SO ORDERED. 08/14/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Emmanuel V.R. Boulukos
ICE MILLER LLP
emmanuel.boulukos@icemiller.com

Philip J. Gibbons , Jr
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

Brien Jones
5400 East State Road 45
Bloomington, Indiana  47408